UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENESIS ELDERCARE REHABILITATION SERVICES, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    No. 4:14CV00348 ERW |
| BENCHMARK HEALTHCARE OF WILDWOOD, LLC, *et al.*, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Genesis Eldercare Rehabilitation Services' ("Plaintiff") "Motion for Summary Judgment" [ECF No. 29].

**I.    FACTUAL BACKGROUND**

This case arises out of Defendants' alleged failure to pay Plaintiff Genesis for "therapy goods and services" provided by Genesis to the residents of seven nursing facilities, which are owned, operated, or otherwise controlled by Defendants. In February 2014, Plaintiff filed suit against the following eight Defendants: (1) Benchmark Healthcare of Wildwood, LLC; (2) Benchmark Healthcare of Harrisonville, LLC; (3) Benchmark Healthcare of Raytown, LLC; (4) Benchmark Healthcare of Monett, LLC; (5) Benchmark Healthcare of St. Charles, LLC; (6) Benchmark Healthcare of Lee's Summit, LLC; (7) Benchmark Healthcare of Willowbrooke, LLC; and (8) Benchmark Healthcare Management, LLC. Plaintiff refers to the first seven of these Defendants (all but Benchmark Healthcare Management, LLC) collectively as the "Facility Defendants." The Court will likewise hereafter reference those seven Defendants as the "Facility Defendants." Plaintiff's Complaint [ECF No. 1] includes the following counts: breach of

contract (Count I); promissory estoppel (Count II); unjust enrichment (Count III); account stated (Count IV); and alter ego/piercing the corporate veil (Count V). Plaintiff now moves for summary judgment on Count I and Count IV against the Facility Defendants.

The following is a recitation of facts determined to be undisputed based on Plaintiff's "Statement of Uncontroverted Material Facts in Support of Motion for Summary Judgment" [ECF No. 29-2] and the Facility Defendants' "Response to Plaintiff's Statement of Uncontroverted Material Facts" [ECF No. 35].[1] Genesis entered into Therapy Services Agreements (the "Agreements") with each of the Facility Defendants to provide therapy-related goods and services. Under the Agreements, the Facility Defendants were obligated to compensate Plaintiff for goods and services rendered, including any Medicare reimbursements the Facility Defendants received for Plaintiff's services. Section 4.4 of each Agreement states, "Facility shall pay Supplier for all Services rendered by Supplier within sixty (60) days of its

---

[1] Federal Rule of Civil Procedure 56(c)(1) states:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record . . .; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Relatedly, Rule 56(e) states, "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]" Here, in their Response to Plaintiff's Statement of Facts, the Facility Defendants state, "To the extent Facility Defendants do not admit any of Plaintiff's alleged uncontroverted facts below, Plaintiffs submit those to the Court as controverted facts" [ECF No. 35 at 1]. The Facility Defendants underestimate their duty to specifically deny Plaintiff's Statement of Facts and specifically assert the disputed nature of said facts. Therefore, pursuant to Rule 56(e), to the extent the Facility Defendants' Statement of Facts does not specifically deny or contradict a portion of Plaintiff's Statement of Facts (and to the extent the Court has not found facts stated by Plaintiff to be unsupported by the evidence cited), this Court will consider such portions of Plaintiff's Statement of Facts to be undisputed for the purpose of ruling on this Motion.

receipt of Supplier's invoice. Payment shall be made in accordance with the attached Schedule A" [ECF No. 29-10 at 7, 17, 27, 37, 47, 57, 67].² Pursuant to the Agreements, Plaintiff provided

---

² Although this quotation does not appear verbatim in Plaintiff's Statement of Facts, the Court has concluded the existence of this language in the Agreements is an undisputed fact. As an attachment to Plaintiff's Motion, Statement of Facts, and an affidavit in support, Plaintiff filed Exhibit A [ECF No. 29-10 at 5-75], which appears to contain the relevant Agreements to which the Facility Defendants have already admitted exist. According to Exhibit A, § 4.4 of each Agreement states, "Facility shall pay Supplier for all Services rendered by Supplier within sixty (60) days of its receipt of Supplier's invoice. Payment shall be made in accordance with the attached Schedule A" [ECF No. 29-10 at 7, 17, 27, 37, 47, 57, 67]. In its Statement of Facts, Plaintiff references this portion of the Agreements found in Exhibit A, stating, "Pursuant to the Agreements, the Facility Defendants are required to pay for the goods and services provided by Genesis in full within sixty days of receipt of an invoice," citing "Facility Defendants' Resp. to Genesis Req. for Admission No. 7; Cuthbert Aff. ¶ 5 and Exh. A §4 thereto" [ECF No. 29-2 at ¶ 5]. In responding to this particular statement, the Facility Defendants also refer to the same Exhibit A, stating, "Denied. Exh. A. § 4 does not state that payment 'in full' is due within sixty days of receipt of an invoice (*see* Exh. A. § 4.4), and in fact Exh. § 4.4 states 'Payment shall be made in accordance with the attached Schedule A.' The attached Schedule A provides for billing and payment at certain set rates and percentages" [ECF No. 35 at ¶ 5]. The Facility Defendants did not attach an "Exhibit A" and could only be referencing Plaintiff's Exhibit A. Thus, both parties reference Exhibit A as containing the Agreements, and in particular, the Facility Defendants do not deny or dispute Plaintiff's assertion of Exhibit A as containing the true and correct copies of § 4.4 of the relevant Agreements. Further, in their responses to Plaintiff's Request for Admission No. 7, the Facility Defendants agreed Plaintiff had "accurately characterize[d] a portion of the Therapy Services Agreement" when it stated, "[P]ursuant to the Therapy Services Agreement, [Facilities] are obligated to pay Plaintiff's invoices within 60 days of the end of receipt of the invoice" [ECF Nos. 29-3 at 7 (Request for Admission No. 7); 29-4 at 7; 29-5 at 7; 29-6 at 7; 29-7 at 7; 29-8 at 7; 29-9 at 7]. Therefore, although the Facility Defendants "deny" Plaintiff's fact statement in Paragraph 5 by disputing whether the Agreements use the phrase "in full" to describe the payment obligation, there appears to be no dispute as to the actual language of § 4.4, or even the "Schedule A" referenced therein.

Additionally, although the Facility Defendants point out the absence of the phrase "in full" and note the Agreements' reference to "Schedule A," these assertions fail to sufficiently refute the *substance* of Plaintiff's factual claim in Paragraph 5 regarding the required timing of payment, *i.e.*, that payment for all services rendered by Plaintiff was due within sixty days of receiving the invoice. First, Schedule A speaks to certain amounts and percentages Plaintiff would bill the Facility Defendants, but the document appears to be silent as to the timing of payment [*See* ECF No. 29-10 at 14, 24, 34, 44, 54, 64, 74]. Further, merely pointing out the absence of the phrase "in full" in the *text* of § 4.4 does not address or refute the timing claim in Plaintiff's affidavit [*See* ECF No. 29-10 at 2 (¶ 5)], nor does this textual observation change the straightforward interpretation of § 4.4 and Schedule A, the language of which are undisputed, which supports Plaintiff's timing claim. The Facility Defendants fail to cite portions of the record actually refuting the substance of Plaintiff's timing claim, and they also fail to show how

therapy goods and services to the residents of each Facility Defendant's facility, and submitted monthly statements to each of the Facility Defendants. The Facility Defendants admit "there is some outstanding balance owed from Defendant[s] to Plaintiff" for the goods and services it provided [ECF Nos. 29-3 at 7 (Request for Admission No. 8); 29-4 at 7; 29-5 at 7; 29-6 at 7; 29-7 at 7; 29-8 at 7; 29-9 at 7; *see also* No. 35 at 7].[3]

Plaintiff terminated the Agreements and its services to the Facility Defendants in November 2011.[4] The last invoices issued by Plaintiff to the Facility Defendants were sent in December of 2011. Between December 2011 and February 2013, the Facility Defendants made a number of payments to Plaintiff, which Plaintiff applied to outstanding invoices. The Facility Defendants did not give notice to Plaintiff of any defects in the services it provided, nor did they dispute the invoices sent to them by Plaintiff for services provided. Each Facility Defendant holds the Medicare provider number for its respective facility, and each Facility Defendant billed Medicare for the services provided by Plaintiff to its residents.

## II.    SUMMARY JUDGMENT STANDARD

A court shall grant a motion for summary judgment only if the moving party shows "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322

---

the portions of the record cited by Plaintiff, including Plaintiff's affidavit, do not or cannot establish the substance of Plaintiff's assertion regarding the timing of payment. *See* Fed. R. Civ. P. 56(c)(1).

[3] However, the parties disagree on the exact amount owed [*See* ECF Nos. 29-2 at ¶13; 35 at ¶ 13].

[4] Plaintiff states it terminated the Agreements "due to the Facility Defendants' failure to pay outstanding amounts" [ECF No. 29-2 at ¶ 7]. In responding to Plaintiff's Statement of Facts, the Facility Defendants deny Plaintiff's purported rationale for terminating the Agreements, stating, "[We] are without sufficient knowledge to determine whether Genesis did so 'due to the Facility Defendants' failure to pay outstanding amounts,' which is a statement of Plaintiff's subjective intent and motivation" [ECF No. 35 at ¶ 7].

(1986). By definition, material facts "might affect the outcome of the suit under the governing law," and a genuine dispute of material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The moving party bears the initial burden of proof in establishing "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). The moving party must show that "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party must then set forth affirmative evidence and specific facts that demonstrate a genuine dispute on that issue. *Anderson*, 477 U.S. at 250. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing that a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c)(1); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden and survive summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must demonstrate sufficient favorable evidence that could enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.* The Court must view the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Reed v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009).

## III.    DISCUSSION

Plaintiff seeks summary judgment on Counts I and IV against the Facility Defendants [ECF No. 29], who responded to Plaintiff's Motion jointly [ECF Nos. 34, 35]. For the reasons stated *infra*, the Court will grant Plaintiff's Motion, in part.

### A.    *Count IV (Account Stated)*

"[A]n account stated is an agreement between parties, having had previous financial transactions, that a balance struck is correct and due between them, and a promise by the debtor, either express or implied, to pay the balance." *Ozark Mountain Timber Products, Inc. v. Redus*, 725 S.W.2d 640, 648 (Mo. App. E.D. 1987) (citing *Chisler v. Staats*, 502 S.W.2d 424, 426 (Mo. App. 1973)). "[A]ccount stated cases are based on the premise that the parties have agreed that the amount billed is the true and correct amount, thus forming a new contract from the date of the last bill." *Honigmann v. C & L Restaurant Corp.*, 962 S.W.2d 458, 460 (Mo. App. E.D. 1998). "If the debtor makes no express promise to pay, the retention of the account rendered for a reasonable time without objection admits to the account and implies a promise to pay." *Ozark*

*Mountain*, 725 S.W.2d at 648 (internal citation omitted).

Plaintiff argues it is entitled to summary judgment as to Count IV for account stated. In support of this contention, Plaintiff states there were "clearly ongoing financial relationships" between Plaintiff and the Facility Defendants and "implied agreements as to the amounts owed. [Plaintiff] provided services to Facility Defendants and billed them for the services in monthly invoices. Facility Defendants did not dispute the amounts of the invoices or the charges therein, and they made payments toward those bills, albeit never fully paying off the balances owed" [ECF No. 29-1 at 6]. Plaintiff also contends there was "an implied agreement that Facility Defendants would pay the amounts invoiced," arguing the Facility Defendants "retained the account for nearly three years," which "far exceeds" a "reasonable time" [ECF No. 29-1 at 6]. In response, the Facility Defendants argue the undisputed facts do not establish an agreement for a particular account balance as "correct and due between them" [ECF No. 34 at 3]. In particular, the Facility Defendants emphasize "the amount that the Facility Defendants may still owe Genesis remains in dispute" [ECF No. 34 at 4].

The Court agrees with the Facility Defendants. An exact balance has not been agreed upon as the correct amount due between these parties. There has been no *express* agreement as to the current amount due, and further, the undisputed facts do not establish an *implied* agreement as to the amount due. Implied agreements in this context result from the retention of an account rendered, but there is no undisputed evidence of the exact amounts of the bills "rendered to" the Facility Defendants through the invoices or the exact amounts "retained by" them. Plaintiff merely provides an affidavit speaking generally to the amounts owed [ECF No. 29-10 at 1-4], as well as a spreadsheet document showing how Plaintiff calculated the alleged

amounts owed [ECF No. 29-10 at 77-79].[5] Notably, Plaintiff has not filed copies of the invoices or copies of receipts of partial payment, which would make it more difficult for the Facility Defendants to dispute Plaintiff's calculations.

Admittedly, the Facility Defendants acknowledge Plaintiff sent them monthly invoices. However, although the Facility Defendants also admit they owe Plaintiff money, they dispute the amounts calculated by Plaintiff and asserted in Plaintiff's spreadsheet and affidavit [*See* ECF No. 35 at 7-8].[6] Because the undisputed facts do not establish the amounts of the accounts owed by the Facility Defendants, there is no implied agreement as to the current amount due. Therefore, Plaintiff has not indisputably established the factual requisites for an account stated. As to Count IV, Plaintiff's Motion is denied.

B.   *Count I (Breach of Contract)*

Under Missouri law, a claim for breach of contract includes the following essential elements: (1) the existence and terms of a contract; (2) the plaintiff performed or tendered performance pursuant to the contract; (3) a breach of the contract by the defendant; and (4) damages suffered by the plaintiff. *Keveney v. Missouri Military Academy*, 304 S.W.3d 98, 104 (Mo. banc 2010) (citing *Clevenger v. Oliver Ins. Agency, Inc.*, 237 S.W.3d 588, 590 (Mo. banc 2007)).

Plaintiff believes it is entitled to summary judgment on the breach of contract claims in Count I, arguing, "There is no dispute that all the elements are met here" [ECF No. 29-1 at 4]. In response, the Facility Defendants claim there is a genuine issue of material fact as to the

---

[5] Among other information, the spreadsheets purport to establish the amount from each invoice, the amount of the Facility Defendants' partial payments, the amount of interest, and the total balance due for each Facility Defendant [ECF No. 29-10 at 77-79].

[6] In particular, Paragraph 4 of the affidavit provided by the Facility Defendants demonstrates the dispute over the amount still owed.

damages element.  Specifically, the Facility Defendants contend the total damages asserted by Plaintiff is incorrect, pointing to their own affidavit [*See* ECF No. 35 at 7-8], which asserts a lower total [ECF No. 34 at 3].  Because their affidavit "contradicts the damages totals asserted by" Plaintiff, the Facility Defendants conclude, "[A] material dispute of fact arises and summary judgment is not appropriate" [ECF No. 34 at 3].

As outlined above,[7] the Facility Defendants have acknowledged the existence of the relevant Agreements and their obligation to pay for goods and services rendered under the Agreements, including any Medicare reimbursements the Facility Defendants received for Plaintiff's services.  These Defendants further acknowledge Plaintiff provided therapy goods and services under the contracts and, pursuant to those Agreements, sent monthly invoices to the Facility Defendants.  These admissions establish the first two elements of a breach of contract claim.

Each Facility Defendant billed Medicare for the services provided by Plaintiff to the residents of its respective facility.  The Agreements call for the Facility Defendants to "pay Supplier for all Services rendered by Supplier within sixty (60) days of its receipt of Supplier's invoice.  Payment shall be made in accordance with the attached Schedule A"[8] [ECF No. 29-10 at 7, 17, 27, 37, 47, 57, 67].  Presently, over three years after Plaintiff terminated the Agreements and sent the last invoice, the Facility Defendants acknowledge "there is some outstanding balance owed from Defendant[s] to Plaintiff" for the goods and services it provided [ECF Nos. 29-3 at 7 (Request for Admission No. 8); 29-4 at 7; 29-5 at 7; 29-6 at 7; 29-7 at 7; 29-8 at 7; 29-9

---

[7] *See supra* Part I.
[8] Again, the Court notes "Schedule A," which was referenced by the Facility Defendants in response to one of Plaintiff's fact statements about payment [ECF No. 35 at ¶ 5; *see also supra*, note 2], speaks to certain amounts and percentages Plaintiff would bill the Facility Defendants, but the document appears to be silent as to the timing of payment [*See* ECF No. 29-10 at 14, 24, 34, 44, 54, 64, 74].

at 7]. More specifically, the affidavit filed by the Facility Defendants states, "[T]he aggregate principal amount calculated by the Facility Defendants remaining due and owing to Genesis is at most $805,525.52" [ECF No. 35 at 7]. Given the terms of the Agreements, the Facility Defendants' admissions establish the existence of both breach[9] and damages.

Admittedly, the parties disagree on the amount of total damages,[10] but that does not preclude the Court from granting summary judgment for Count I. Unlike an account stated claim, breach of contract claims do not require an agreement on the amount due as a basis for liability. Rather, if liability is established, the exact amount of damages must be calculated. At this point, for the purpose of establishing liability, it is enough both parties agree Plaintiff has suffered some amount of damages. Here, the Facility Defendants do not deny or refute the existence of damages, but rather disagree with the amount of damages asserted by Plaintiff. Thus, the existence of damages is undisputed here.

Because the undisputed facts establish the four required elements, the Court grants summary judgment against the Facility Defendants as to liability for the breach of contract claims in Count I. Therefore, on the issue of liability, Plaintiff's Motion is granted. The amount of damages is a jury issue.

---

[9] The lack of dispute over the existence of a breach is further reflected in the Facility Defendants' failure to address the issue of breach in their Response to Plaintiff's Motion. Indeed, the Facility Defendants' only argument against summary judgment on Count I relates to the damages element [ECF No. 34 at 3].

[10] Plaintiff claims the Facility Defendants owe them $846,166.07 in principal and $236,870.94 in interest, "pursuant to RSMo § 408.020" [ECF No. 29-2 at ¶ 13]. The Facility Defendants state they "calculate that they owe, at most, principal of $805,525.52" to Plaintiff "for services provided . . ., with the applicability and amount of interest a legal question to be determined by the Court" [ECF No. 35 at ¶ 13].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Genesis Eldercare Rehabilitation Services' "Motion for Summary Judgment" [ECF No. 29] is **GRANTED, in part**.

Dated this  9th  Day of February, 2015.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE